UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 13-1916 (PLF) |
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | ) ) ) |
| Defendant. | ) ) ) |

## ORDER

For the reasons set forth in the Opinion issued this same day [Dkt. No. 58], it is hereby

ORDERED that defendant's motion to dismiss [Dkt. No. 28] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that plaintiffs' claims relating to the Process for a Designated Contract Market or Swap Execution Facility To Make a Swap Available to Trade, Swap Transaction Compliance and Implementation Schedule, and Trade Execution Requirement Under the Commodity Exchange Act ("Trade Execution Rule"), 78 Fed. Reg. 33606 (June 4, 2013), are DISMISSED WITHOUT PREJUDICE for lack of standing; it is

FURTHER ORDERED that plaintiffs' motion for summary judgment [Dkt. No. 21] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that defendant's motion for summary judgment [Dkt. No. 28] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that judgment is entered in favor of defendant as to plaintiffs' claims relating to the following agency actions:

1. Interpretive Guidance and Policy Statement Regarding Compliance with Certain Swap Regulations ("Cross-Border Action"), 78 Fed. Reg. 45292 (July 26, 2013);

2. Large Trader Reporting for Physical Commodity Swaps ("Large Trader Reporting Rule"), 76 Fed. Reg. 43851 (July 22, 2011);

3. Customer Clearing Documentation, Timing of Acceptance for Clearing, and Clearing Member Risk Management ("Straight-Through Processing Rule"), 77 Fed. Reg. 21278 (April 9, 2012); and

4. Clearing Requirement Determination Under Section 2(h) of the CEA ("Clearing Determination Rule"), 77 Fed. Reg. 74284 (Dec. 13, 2012); it is

FURTHER ORDERED that the following agency actions are REMANDED WITHOUT VACATUR to the United States Commodity Futures Trading Commission for further proceedings consistent with the Opinion issued this same day:

1. Real-Time Public Reporting of Swap Transaction Data ("Real-Time Reporting Rule"), 77 Fed. Reg. 1182 (Jan. 9, 2012);

2. Recordkeeping and Reporting Requirements ("SDR Reporting Rule"), 77 Fed. Reg. 2136 (Jan. 13, 2012);

3. Registration of Swap Dealers and Major Swap Participants ("Swap Entity Registration Rule"), 77 Fed. Reg. 2613 (Jan. 19, 2012);

4. Swap Dealer and Major Swap Participant Recordkeeping, Reporting, and Duties Rules; Futures Commission Merchant and Introducing Broker Conflicts of Interest Rules; and Chief Compliance Officer Rules for Swap Dealers, Major Swap Participants, and Futures Commission Merchants ("Daily Trading Records," "Risk Management," and "Chief Compliance Officer Rules"), 77 Fed. Reg. 20128 (April 3, 2012);

5. Further Definition of "Swap Dealer," "Security-Based Swap Dealer," "Major Swap Participant," "Major Security-Based Swap Participant," and "Eligible Contract Participant" ("Entity Definition Rule"), 77 Fed. Reg. 30596 (May 23, 2012);

6. Swap Data Recordkeeping and Reporting Requirements: Pre-Enactment and Transition Swaps ("Historical SDR Reporting Rule"), 77 Fed. Reg. 35200 (June 12, 2012);

7. Confirmation, Portfolio Reconciliation, Portfolio Compression, and Swap Trading Relationship Documentation Requirements for Swap Dealers and Major Swap Participants ("Portfolio Reconciliation and Documentation Rule"), 77 Fed. Reg. 55904 (Sep. 11, 2012); and

8. Core Principles and Other Requirements for Swap Execution Facilities ("SEF Registration Rule"), 78 Fed. Reg. 33476 (June 4, 2013); it is

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 9\16\14